UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN RIVER AG., INC., | No. 2:18-cv-00377-TLN-CKD |
| Plaintiff, | |
| v. | ORDER |
| GLOBAL NATURAL, LLC, et al., | |
| Defendants. | |

Presently pending before the court is plaintiff's motion for default judgment by the Clerk of Court pursuant to Federal Rule of Civil Procedure 55(b)(1). (ECF No. 9.) Plaintiff initiated this action against defendants on February 16, 2018, pursuant to 28 U.S.C. § 1332 diversity of citizenship jurisdiction, raising claims of breach of contract, breach of implied warranty of merchantability, breach of express warranty, negligent misrepresentation, and goods sold and delivered. (See generally, ECF No. 1.)

Defendants failed to answer the complaint, or otherwise appear, after being served. (See ECF Nos. 4, 5.) Plaintiff subsequently requested, and was granted, a clerk's entry of default. (ECF Nos. 6-7.) On October 24, 2018, plaintiff filed the pending motion for entry of default, asserting that its claims are for a sum certain of $1,411,461.92. (ECF No. 9 at 2.)

Federal Rule of Civil Procedure 55(b)(1) provides that "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's

request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55. The Ninth Circuit has observed that

> [u]nfortunately, "the cases discussing the sum certain requirement of Rule 55 are few and far between and rather exiguous in their reasoning." KPS & Assocs., Inc. v. Designs By FMC, Inc., 318 F.3d 1, 19 n. 7 (1st Cir.2003) (quoting Collex, Inc. v. Walsh, 74 F.R.D. 443, 450 (E.D.Pa.1977)); see also Byrd v. Keene Corp., 104 F.R.D. 10, 12 (E.D.Pa.1984) (stating that "[r]elatively few cases have raised the question of what qualifies as a 'sum certain' for the purposes of Rule 55(b)"). Noting this paucity of federal case law, the First Circuit in KPS & Assocs. looked to state courts whose rules of procedure mirror the Federal Rules. This led the court to conclude that a claim is not a sum certain unless no doubt remains as to the amount to which a plaintiff is entitled as a result of the defendant's default. Id. at 19. The First Circuit ultimately concluded that the particular claim before it was not a sum certain because the complaint and supporting affidavits, which were internally inconsistent, did not set forth a claim capable of simple mathematical computation. Id. at 20.

Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc., 375 F.3d 922, 928-29 (9th Cir. 2004).

Based upon the nature of plaintiff's claims—which include negligent misrepresentation and breaches of warranties—and plaintiff's supporting affidavit (ECF No. 10), it cannot be determined that no doubt remains as to the amount to which plaintiff is entitled in relation to defendants' default. Thus, for a determination regarding default judgment in this matter, plaintiff needs to bring a motion pursuant to Federal Rule of Civil Procedure 55(b)(2) in accordance with the local rules of court.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(1) (ECF No. 9) is DENIED WITHOUT PREJUDICE subject to renewal pursuant to Rule 55(b)(2).

Dated: November 13, 2018

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE