UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN RIVER AG., INC., <br><br> Plaintiff, <br><br> v. <br><br> GLOBAL NATURAL, LLC, et al., <br><br> Defendants. | No. 2:18-cv-00377-TLN-CKD <br><br><br> ORDER |

INTRODUCTION

Presently pending before the court is plaintiff American River Ag., Inc.'s motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). (ECF No. 14.) Plaintiff seeks a judgment totaling $1,462,397.47 against defendant Global Natural, LLC and $1,254,691.58 against defendant J. Michael Spangler. (Id. at 2.) Plaintiff previously moved for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(1), which the court denied without prejudice because it could not be determined that "no doubt remains as to the amount to which plaintiff is entitled in relation to defendants' default." (ECF No. 13 at 2.) For the reasons discussed below, plaintiff's current motion is again DENIED without prejudice.

LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend

1

against the action. See Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); accord Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). In addition, although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law"); Abney v. Alameida, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim"). A party's default does not establish the amount of damages. Geddes, 559 F.2d at 560.

DISCUSSION

Plaintiff's current motion for default judgment consists of two pages and is based upon the same documents upon which plaintiff's previous motion relied—"the Declaration of Craig Walker . . . and the Declaration of Attorney Bradley A. Silva." (ECF No. 14 at 2; see ECF Nos.

9, 10.) Glaringly, this motion includes no legal analysis regarding why default judgment is appropriate in this matter, let alone a consideration of the <u>Eitel</u> factors. Moreover, even assuming that plaintiff has met the <u>Eitel</u> factors here, the motion does not adequately justify the terms of the judgment that plaintiff seeks.

When denying plaintiff's first motion for default judgment, the court clearly advised plaintiff that "for a determination regarding default judgment in this matter, plaintiff needs to bring a motion pursuant to Federal Rule of Civil Procedure 55(b)(2) in accordance with the local rules of court." (ECF No. 13 at 2.) In response, plaintiff submitted a two-page motion devoid of legal argument that merely invokes Rule 55(b)(2) rather than 55(b)(1) and is otherwise identical to its previous inadequate motion. With such a paucity of argument and justification, plaintiff seeks a combined judgment of nearly three million dollars against defendants. Plaintiff has once again failed to demonstrate the appropriateness of entering default judgment on the terms it seeks.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for default judgment (ECF No. 14) is DENIED without prejudice subject to renewal in a motion that addresses the appropriate legal standards.

Dated: March 19, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

14

3