1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   AMERICAN RIVER AG. INC.,                    No.  2:18-cv-00377-TLN-CKD

12                 Plaintiff,                     ORDER AND

13         v.                                     FINDINGS AND RECOMMENDATIONS

14   GLOBAL NATURAL, LLC, et al.,                 (ECF No. 18)

15                 Defendants.

16

17         Presently before the court is American River Ag., Inc.'s motion for default judgment

18   against defendants Global Natural, LLC and J. Michael Spangler.  (ECF No. 18.)  Defendants

19   have not responded to plaintiff's motion or complaint.  After defendants failed to file an

20   opposition to the motion in accordance with Local Rule 230(c), the motion was submitted on the

21   record and written briefing pursuant to Local Rule 230(g).  (ECF No. 23.)

22         For the reasons discussed below, the court recommends that plaintiff's motion for default

23   judgment be GRANTED on the terms outlined below.

24         BACKGROUND

25         Plaintiff's complaint alleges that defendants failed to provide plaintiff with certain goods

26   in violation of the parties' agreements.  (See ECF No. 1.)  Plaintiff's complaint asserts three

27   counts of breach of contract against Global Natural.  Plaintiff first alleges that it entered into four

28   contracts to purchase organic soybeans and organic corn from defendant Global Natural in

1   December 2016 and that Global Natural breached these contracts by failing to deliver the agreed-

2   upon goods, causing $365,100.00 in damages.  (<u>Id.</u> at 3.)  Plaintiff's second count alleges breach

3   of a distinct contract that called for plaintiff to recondition and sell damaged organic soybeans

4   provided by Global Natural.  (<u>Id.</u> at 5-7.)  Plaintiff asserts that Global Natural breached this

5   contract by providing non-organic soybeans, causing $888,931.62 in damages.  (<u>Id</u> at 7.)  The

6   final breach of contract count alleges that Global Natural was to pay plaintiff for nine deliveries

7   of soybeans and has failed to perform, resulting in $157,430.30 in damages.  (<u>Id.</u>)

8        Plaintiff also makes a breach of express warranty claim against defendant Spangler,

9   jointly and severally with Global Natural, for representing that the contracted-for produce was

10  organic.  (<u>Id.</u> at 4.)  These claims correspond with the first and second breach of contract counts.

11        Plaintiff seeks $1,411,461.92 from Global Natural and $1,254,031.62 from Spangler.

12        Plaintiff filed the present action on February 12, 2018.  (ECF No. 1.)  Plaintiff served

13  Global Natural and Michael Spangler on February 27, 2018 and March 8, 2018, respectively.

14  (ECF Nos. 4, 5.)  Defendants failed to file a timely responsive pleading, and plaintiff

15  subsequently requested, and the clerk entered, defaults against both defendants.  (ECF Nos. 6, 7.)

16  Plaintiff then filed a motion for the clerk to enter a default judgment pursuant to Rule 55(b)(1),

17  which was denied, and a motion for default judgment under Rule 55(b)(2), which the court denied

18  due to insufficient legal analysis.  (ECF Nos. 9, 13, 14, 15.)  Presently before the court is

19  plaintiff's renewed motion for default judgment against both defendants.  (ECF No. 18.)

20        <u>LEGAL STANDARDS</u>

21        Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party

22  against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend

23  against the action.  <u>See</u> Fed. R. Civ. P. 55(a).  However, "[a] defendant's default does not

24  automatically entitle the plaintiff to a court-ordered judgment."  <u>PepsiCo, Inc. v. Cal. Sec. Cans</u>,

25  238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing <u>Draper v. Coombs</u>, 792 F.2d 915, 924-25

26  (9th Cir. 1986)).  Instead, the decision to grant or deny an application for default judgment lies

27  within the district court's sound discretion.  <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1092 (9th Cir.

28  1980).  In making this determination, the court considers the following factors:

(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Default judgments are ordinarily disfavored.  Id. at 1472.

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages.  TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); accord Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).  In addition, although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."  Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007) (noting that a defendant does not admit facts that are not well-pled or conclusions of law); Abney v. Alameida, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim.").  A party's default does not establish the amount of damages.  Geddes, 559 F.2d at 560.

DISCUSSION

Appropriateness of the Entry of Default Judgment Under the Eitel Factors

1.   *Factor One: Possibility of Prejudice to Plaintiff*

The first Eitel factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff militates in favor of granting a default judgment.  See PepsiCo, Inc., 238 F. Supp. 2d at 1177.  Plaintiff filed suit more than two years ago, and defendants have failed to respond to plaintiff's complaint or otherwise put forth a defense in this action.  The present litigation therefore cannot move forward, prejudicing plaintiff by leaving it no other recourse but to seek a default judgment.  Accordingly, the first factor

3

1   weighs in favor of entering default judgment.

2         2.      *Factors Two and Three: The Merits of Plaintiff's Substantive Claim and the*

3   *Sufficiency of the Complaint*

4         The court considers the merits of plaintiff's substantive claim and the sufficiency of the

5   complaint together due to the relatedness of the two inquiries.  The court must consider whether

6   the allegations in the complaint are sufficient to state a claim on which plaintiff may recover.  See

7   Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F. Supp. 2d at 1175.

8         Plaintiffs causes of action sound in breach of contract against Global Natural[1] and breach

9   of express warranty as to Spangler.  Accordingly, the court analyzes each in turn.

10        "[T]he elements of a cause of action for breach of contract are (1) the existence of the

11   contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and

12   (4) the resulting damages to plaintiff."  Oasis West Realty, LLC v. Goldman, 51 Cal.4th 811, 821

13   (2011).  First, plaintiff has sufficiently pleaded the existence of each contract.  Similarly, plaintiff

14   has established its own performance, or excuse for nonperformance, and defendant's breach for

15   each count.  Specifically, plaintiff alleges that Global Natural failed to deliver organic products,

16   as agreed to, and also failed to pay plaintiff after plaintiff shipped soybeans to defendant.  (ECF

17   No. 1 at 3, 6, 7.)  As discussed in more detail below, plaintiff has also sufficiently pleaded

18   damages as a result of Global Natural's breaches.  (Id. at 3, 7.)  Plaintiff's claims against Global

19   Natural for breach of contract are therefore meritorious and sufficiently pleaded.

20        Plaintiff also asserts a claim of breach of express warranty against Michael Spangler

21   premised on Mr. Spangler's misrepresentation that certain goods were organic.  (Id. at 4.)  This

22   claim involves the same facts underlying plaintiff's two breach of contract claims against Global

23   Natural for failure to produce organic goods.  (ECF No. 19 at 9.)

24        "To prevail on a breach of express warranty claim, Plaintiffs must prove: (1) the seller's

25   statements constitute an affirmation of fact or promise or a description of the goods; (2) the

26

27   _____

[1] Plaintiff also asserts claims of breach of implied warranty of merchantability, breach of express warranty, negligent misrepresentation, and goods sold and delivered against Global Natural.

28   However, these claims are in the alternative to plaintiff's claims for breach of contract.

4

1   statement was part of the basis of the bargain; and (3) the warranty was breached."  Rugg v.

2   Johnson & Johnson, 2018 WL 3023493, at *4 (N.D. Cal. June 18, 2018) (internal quotation

3   marks and citation omitted).

4       Plaintiff has sufficiently pleaded that Michael Spangler warranted that the produce under

5   contract was organic, that statement was part of the basis of the parties' bargain, and that

6   warranty was breached.  (ECF No. 1 at 4.)  Plaintiff's claim against Michael Spangler for breach

7   of express warranty is therefore meritorious and sufficiently pleaded.

8       Accordingly, these two Eitel factors favor enter of default judgment against both

9   defendants.

10      3.   *Factor Four: The Sum of Money at Stake in the Action*

11      Under the fourth factor cited in Eitel, "the court must consider the amount of money at stake

12   in relation to the seriousness of Defendant's conduct."  PepsiCo, Inc., 238 F. Supp. 2d at 1176-77;

13   see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003).

14   In this case plaintiff is seeking $1,411,461.92, plus prejudgment interest and costs.  (ECF No. 19

15   at 9.)  While the amount is substantial, plaintiff has established that it is entitled to this sum by

16   sufficient proof.  Accordingly, this factor does not weigh against entry of default judgment.

17      4.   *Factor Five: The Possibility of a Dispute Concerning Material Facts*

18      The court may assume the truth of well-pleaded facts in the complaint following the

19   clerk's entry of default.  Thus, there is no likelihood that any genuine issue of material fact exists.

20   See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005)

21   ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters

22   default judgment, there is no likelihood that any genuine issue of material fact exists"); accord

23   Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F. Supp. 2d at 1177.  As such, the

24   court concludes that the fifth Eitel factor favors default judgment.

25      5.   *Factor Six: Whether the Default Was Due to Excusable Neglect*

26      In this case, there is no indication in the record that defendants' defaults were due to

27   excusable neglect.  Despite having been served with plaintiff's complaint, the request for entry of

28   default, and the instant motion for default judgment, defendants have failed to respond.

1   Accordingly, this <u>Eitel</u> factor favors the entry of a default judgment.

2        6.   *Factor Seven: The Strong Policy Underlying the Federal Rules of Civil Procedure*

3   *Favoring Decisions on the Merits*

4        "Cases should be decided upon their merits whenever reasonably possible." <u>Eitel</u>, 782

5   F.2d at 1472.  However, district courts have concluded with regularity that this policy, standing

6   alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action.

7   <u>PepsiCo, Inc.</u>, 238 F. Supp. 2d at 1177; <u>see also</u> <u>Craigslist, Inc. v. Naturemarket, Inc.</u>, 694 F.

8   Supp. 2d 1039, 1061 (N.D. Cal. 2010).  Accordingly, although the court is cognizant of the policy

9   in favor of decisions on the merits—and consistent with existing policy would prefer that this

10   case be resolved on the merits—that policy does not, by itself, preclude the entry of default

11   judgment.

12        In sum, upon consideration of all the <u>Eitel</u> factors, the court concludes that plaintiff is

13   entitled to a default judgment against defendants and recommends that a default judgment be

14   entered.  All that remains is a determination of the specific relief to which plaintiff is entitled.

15        <u>Terms of the Judgment to be Entered</u>

16        After determining that a party is entitled to entry of default judgment, the court must

17   determine the terms of the judgment to be entered.  <u>See</u> <u>Craigslist, Inc.</u>, 694 F. Supp. 2d at 1061.

18   Plaintiff seeks $1,411,461.92 against Global Natural and $1,254,031.62 against Michael

19   Spangler.  (ECF No. 19 at 11.)  According to plaintiff, these amounts "are cumulative and not

20   separate awards."  (<u>Id.</u> at 12)

21        Plaintiff has sufficiently shown that it is entitled to $1,254,031.62 jointly and severally

22   from Global Natural and Michael Spangler.  This sum represents the two breach of contract

23   claims against Global Natural and the breach of express warranty claim against Michael

24   Spangler—all of which are premised defendants' failure to provide organic produce.  As a result

25   of defendants' breaches plaintiff had to "cover" the produce and purchase goods from different

26   sellers, pursuant to California Commercial Code Sections 2711-2713, at a higher price.  The

27   damages resulting from plaintiff covering the contracted-for produce and lost profits has been

28   sufficiently established by plaintiff.  (ECF No. 21 at 3, 6.)

Plaintiff is also entitled to an additional $157,430.30 from Global Natural, based on plaintiff's breach of contract claim for which plaintiff provided defendant produce but was not compensated.  This is the amount contemplated by the parties' agreement and evidenced by the contract and corresponding invoices.  (ECF No. 21 at 4.)

Plaintiff finally requests $50,275.59 in prejudgment interest against Global Natural pursuant to California Civil Code Section 1916-1 and $659.96 in costs.  (ECF No. 22 at 3-4.) Plaintiff is entitled to these amounts.

CONCLUSION

IT IS HEREBY ORDERED that within five days of these findings and recommendations being filed, plaintiff shall serve a copy of the findings and recommendations on defendants by mail at the address where service of process was effected, or at any more recent address known to plaintiff, and shall file a proof of such service forthwith.

Further, for the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's motion for default judgment (ECF No. 18) be GRANTED.

2.  Judgment be entered in plaintiff's favor and against defendants.

3.  Plaintiff be awarded $1,254,031.62 jointly and severally against defendants Global Natural and Michael Spangler.

4.  Plaintiff additionally be awarded $157,430.30 from Global Natural and $50,275.59 in prejudgment interest from Global Natural.

5.  Costs against defendants be assessed in the amount of $659.96.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th

Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  June 10, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

16.river.377